RECEIVED
IN ALEXANDRIA, LA.
FEB 22 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 04-10019/02** |
| -vs- | **JUDGE DRELL** |
| **JULIUS L. JACKSON** | **MAGISTRATE JUDGE KIRK** |

## RULING AND ORDER

Before the Court is Petitioner's request (Document No. 190) for further information regarding our December 23, 2011 Order. (Document No. 186.) A brief recitation of the case history is appropriate at this point.

In March 2008, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255. (Document No. 139.) By Judgment dated August 26, 2008, we adopted the Magistrate Judge's Report and Recommendation and denied Petitioner's § 2255 motion. (Document No. 149.) Petitioner appealed that Judgment, and, in due course, the United States Court of Appeals for the Fifth Circuit denied Petitioner's request for a Certificate of Appealability, finding Petitioner had failed to show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." (Document No. 163.)

On December 15, 2011, Petitioner filed a Motion for Reconsideration of the August 26, 2008 Judgment and cited as his authority Fed. R. Civ. P. 60(b). (Document No. 185.)

In that document, Petitioner reasserted many of the constitutional claims he had made in support of his § 2255 motion, and he asked that his claim be reopened.

After a thorough review of the record, the Motion for Reconsideration was denied "as untimely, frivolous and without merit" by Order dated December 23, 2011 (Document No. 186), the Order at issue here.

Petitioner now complaints the December 23, 2011 Order was inappropriate, because it did not contain a thorough explanation of the grounds for denial.

Fed. R. Civ. P. 60(b) provides an avenue through which a district court may provide relief from a final judgment, order, or proceeding for various enumerated reasons. Petitioner specifically claims subsections (5) and (6) are applicable to his claim. Those provisions provide:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In this case, the judgment of which Petitioner complains has not been satisfied or discharged, and it is not based on an earlier judgment that has been reversed or vacated. Plaintiff, therefore, must be arguing that it is no longer equitable to apply the denial of his § 2255 petition prospectively.

This argument is not persuasive. As noted above, the appellate court denied Petitioner's request for a Certificate of Appealability on constitutional grounds. No equitable argument remains. The matter has been decided on appeal.

2

As to the "catch-all" provision found in Rule 60(b)(6), "any other reason that justifies relief," the Fifth Circuit has made it clear this section applies in "extraordinary circumstances," and it is not meant as a substitute for an appeal. See Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002); U.S. v. Green, 348 Fed. Appx. 917, 918 (5th Cir. 2009) (unpublished). No such circumstances are present in this case.

Additionally, Fed. R. Civ. P. 60(c) requires that motions under Rule 60(b) "must be made within a reasonable time." More than three (3) years after the Judgment is not a reasonable time.

For these reasons, Plaintiff's Motion to Reconsider (Document No. 190) is DENIED. The underlying dismissal was correct.

SIGNED on this 21st day of February, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE